UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
JOSEPH BUONO,

                Plaintiff,

  -against-                       **MEMORANDUM AND ORDER**
                                       14-CV-2388 (FB)
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                           *For the Defendant:*
CHRISTOPHER J. BOWES, ESQ.       KELLY T. CURRIE, ESQ.
54 Cobblestone Drive                         Acting United States Attorney
Shoreham, NY 11786                          EDWIN R. CORTES, ESQ.
                                                         Assistant United States Attorney
                                                         Eastern District of New York
                                                         271 Cadman Plaza East
                                                          Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Joseph W. Buono ("Buono") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act (the "Act"). Both parties move for judgment on the pleadings. For the reasons stated below, the Commissioner's motion is denied and Buono's motion is granted insofar as the case is remanded for further proceedings.

# I.

In July 2011, Buono filed an application for Disability Insurance Benefits. Buono alleged disability, as of October 4, 2010, from coronary artery disease, hypertension and diabetes, amongst other things. After the Social Security Administration (the "SSA") denied his application, Buono had a hearing before an Administrative Law Judge ("ALJ") at which he appeared *pro se*.

In a December 19, 2012 decision, the ALJ held that Buono was not disabled. Applying the familiar five-step evaluation process,[1] the ALJ decided that: (1) Buono had not engaged in substantial gainful activity since October 4, 2010; (2) his coronary artery disease, diabetes, history of left big toe amputation, hypertension, history of right shoulder separation, chronic obstructive pulmonary disease, and obesity were severe impairments;[2] and (3) his impairments did not meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then determined that Buono had the residual functional capacity

---

[1] SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

[2] The ALJ also found that Buono's obstructive sleep apnea and upper gastrointestinal bleeding of unknown origin were non-severe impairments.

("RFC") to perform light work with the following restrictions:

(i) occasional climbing of ramps, stairs, ladders, ropes, and scaffolds;
(ii) occasional reaching with the right non-dominant upper extremity;
(iii) occasional balancing, stooping, kneeling, crouching, and crawling;
(iv) no use of foot controls with the left lower extremity;
(v) must be able to alternate sitting and standing at will;
(vi) must avoid concentrated exposure to temperature extremes, fumes, dust, odors, gases, and poor ventilation;
(vii) work must not involve hazards such as heights and machinery

AR 15. Applying that RFC to the remaining steps, the ALJ ruled (4) that Buono was unable to perform his past relevant work as a tow truck driver and florist, but (5) that he was able to perform other work existing in significant numbers in the national economy. The ALJ's step five determination was based on the testimony of a vocational expert ("VE").

The Appeals Council denied his request for review, rendering final the Commissioner's decision to deny benefits. Buono timely sought judicial review.

## II.

"In reviewing the final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d

3

Cir. 2013). Buono contends that (1) the ALJ's RFC finding was not supported by substantial evidence, (2) the ALJ improperly relied on flawed VE testimony, (3) the ALJ failed to consider all of his impairments at the second step of the evaluation process, and (4) remand is warranted on the basis of new evidence. The Court will address each argument in turn.

**A.     Buono's Contentions**

    **1.     Residual Functional Capacity**

The Court agrees that the ALJ's RFC determination is not supported by substantial evidence. The ALJ concluded that Buono had the RFC to perform light work with certain limitations. In making this determination, the ALJ purportedly accorded "significant weight" to the opinion of Dr. Flores, the SSA's consultative examiner. AR 17. Generally, light work requires the ability to stand or walk for approximately six hours each work day. *See* SSR 83-10 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour work day."). However, in his written report, Dr. Flores opined that Buono is "limited in prolonged walking [and] standing." AR 294. As such, Dr. Flores' opinion is inconsistent with – not supportive of – the ALJ's RFC finding.

Although the ALJ did not cite it in his opinion, it appears that his RFC determination was drawn almost exclusively from a Physical Residual Functional Capacity Assessment form prepared in August 2011 by R. Houser, a non-medical

professional known as a Single Decisionmaker ("the SDM"). The standardized, checklist-based form provides only limited options for the SDM in making an evaluation. Nevertheless, it appears that the ALJ simply adopted the SDM's conclusions in his RFC analysis. For example, in the form's Postural Limitations section, the SDM found that Buono can only occasionally (1) climb ramps, stairs, ladders, ropes, and scaffolds, and (2) engage in balancing, stooping, kneeling, crouching, and crawling. Additionally, in the form's Environmental Limitations section, the SDM concluded that Buono must avoid (1) concentrated exposure to extreme cold, fumes, dust, odors, gases, and poor ventilation, and (2) work that involves hazards such as heights and machinery.

An RFC determination from an SDM – a non-medical professional – is not entitled to weight as a medical opinion. *See Box v. Colvin*, 3 F. Supp. 3d 27, 46 (E.D.N.Y. 2014) ("Because [a SDM] is not a medical professional, courts have found that an RFC assessment from such an individual is entitled to no weight as a medical opinion.") (internal alterations and quotations omitted). As such, the ALJ erred in basing his RFC finding almost exclusively on the SDM's RFC determination. *See Charles v. Colvin*, No. 13-CV-3432, 2014 WL 4425796, at *5 (E.D.N.Y. Sept. 10, 2014) (Block, J.) (holding that an ALJ erred by "basing his RFC assessment almost exclusively upon a standardized form prepared by a non-medical professional").

Furthermore, there is no indication that the ALJ contacted Dr. Zafaranloo,

Buono's treating physician, for his opinion regarding Buono's capacity for work, though the ALJ is required to do so under the Commissioner's regulations. *See* 20 C.F.R. § 404.1513(b)(6) ("[W]e will request a medical source statement about what you can still do despite your impairment(s) . . . ."). The ALJ's failure to develop the record in this regard is underscored by Buono's *pro se* status below. *See Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) ("When a claimant properly waives his right to counsel and proceeds *pro se*, the ALJ's duties are heightened.") (internal citations omitted); *see also Robins v. Astrue*, No. 10-CV-3281, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011) (Block, J.) ("Since the ALJ did not ask any of [a *pro se* claimant's] treating physicians to opine on his RFC, remand is required.").

Accordingly, the Court finds that the ALJ's RFC finding is not supported by substantial evidence. Upon remand, the ALJ should endeavor to obtain a medical source statement from Dr. Zafaranloo before reevaluating Buono's RFC.

## 2. Vocational Expert Testimony

Buono next argues that the ALJ improperly relied on VE testimony in determining that he is capable of performing other work that exists in significant numbers in the national economy. During the hearing, the ALJ asked the VE to consider a hypothetical individual of the same age, education, work experience, and RFC as Buono. AR 35. The ALJ instructed the VE to assume that the hypothetical individual was able to:

6

> [L]ift and/or carry up to 20 pounds occasionally, 10 pounds frequently; stand and/or walk with normal breaks for a total of about six hours in an eight-hour work day; sit with normal breaks for a total of about six hours in an eight-hour work day; occasional climbing of ramps and stairs; occasional ladders, ropes and scaffolds. No foot controls or foot pedals utilizing the left lower extremity. Includes a sit/stand option; only occasional reaching with right upper extremity; occasional balancing, stooping, kneeling, crouching and crawling. Avoid concentrated exposure to temperature extremes, fumes, dust, odors, gases and poor ventilation, and does not involve heights, hazards or machinery.

AR 35-36. In response, the VE testified that such an individual would be able to perform work as a mail clerk, officer helper and information clerk. In his opinion, the ALJ determined that the VE's testimony was "consistent with the information contained in the *Dictionary of Occupational Titles*." AR 20. On this testimony, the ALJ held that Buono was not disabled within the meaning of the Act.

Buono asserts that the VE's testimony about the jobs he could perform was inconsistent with the information contained in the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"), the DOT's companion publication. The Court agrees. The ALJ instructed the VE to identify jobs that would permit "only occasional reaching with the right upper extremity." AR 46. However, the SCO provides that the jobs identified by the ALJ each require "frequent" reaching.

Social Security Ruling 00-4p requires an ALJ to identify and resolve any conflicts between a VE's testimony and the SCO before relying on such testimony:

> [B]efore relying on VE . . . evidence to support a disability determination

7

> or decision, our adjudicators must: [i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT], including its companion publication, the [SCO], published by the Department of Labor, and [e]xplain in the determination or decision how any conflict that has been identified was resolved.

SSR 00-4p. Having decided that Buono was limited to occasional reaching with his right arm, the ALJ failed to identify and obtain a reasonable explanation from the VE for the conflict between the VE's testimony – that Buono can work as a mail clerk, officer helper and information clerk – and the information in the SCO that these jobs require frequent reaching. The ALJ also did not resolve this conflict in his opinion.

While the Commissioner contends that Buono can perform frequent reaching with his left arm, the ALJ was nevertheless obligated to procure a reasonable explanation for the conflict between the VE's testimony and the SCO descriptions before relying on that testimony. *Id.* ("The [ALJ] must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information."). Because the ALJ failed to do so, the Court cannot determine whether substantial evidence supports the ALJ's step five analysis and the case must be remanded. *See Diaz v. Astrue*, No. 3-11-CV-317, 2012 WL 3854958, at *6 (D. Ct. Sept. 5, 2012) ("SSR 00-4p requires the ALJ to afford no room for conjecture where there is an apparent conflict between the VE's testimony and the [DOT or SCO] and a resolution by this Court would be unduly conjectural in the absence of clarification from the ALJ.").

### 3. Step Two Evaluation

Buono correctly observes that the ALJ failed to consider his venous insufficiency, the nerve damage to his foot and leg, and diagnosis of tarsal tunnel syndrome at step two of the evaluation process. On remand, the ALJ should consider these conditions in his step two analysis. *See* 20 C.F.R. 404.1520(a)(4)(ii) ("At the second step, we consider the medical severity of your impairment(s).").

### 4. New Evidence

Buono also seeks remand on the basis of new evidence – a March 30, 2010 electromyography ("EMG") test, which he argues confirms the existence of tarsal tunnel syndrome. Because remand is required in any event, the ALJ should now consider this new evidence. *See Smollins v. Astrue*, No. 11-CV-424, 2011 WL 3857123, at *11 (E.D.N.Y. Sept. 1, 2011) (Gleeson, J.) ("[B]ecause I have decided to remand for other reasons, I find it appropriate to direct the Commissioner to consider the new evidence at issue as part of the record on remand.).

## B. Court's Observations

Finally, the Court – on its own initiative – observes that the ALJ erred in its evaluation of Buono's symptoms. The Commissioner has established a two-step inquiry for evaluating the credibility of a claimant's symptoms. *See* 20 C.F.R. § 404.1529. An ALJ must first determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce his symptoms,

and second, evaluate the intensity, persistence and limiting effects of those symptoms. *See id.* § 404.1529(b)-(c). The ALJ must provide "specific reasons for the finding on credibility, supported by evidence in the case record." SSR 96-7p.

The ALJ improperly applied the factors that must be considered when a claimant's subjective complaints suggest greater severity than can be shown by objective medical evidence.[3] The ALJ first observed that Buono "has no problems paying attention, following instructions, getting along with others or remembering things." AR 16. However, Buono's cognitive abilities are not relevant to an assessment of his physical capabilities. The ALJ also emphasized Buono's daily activities – performing light housework, driving, attending to his personal needs, shopping with his wife one or twice a week, and traveling to appointments – in discounting his subjective complaints. However, the ALJ failed to explain how Buono's ability to complete these routine daily activities establishes his capacity to stand or walk for approximately 6 hours in an 8-hour work day. *See Balsamo v. Chater*, 142 F.3d 75, 81-82 (2d Cir. 1998) (holding that "a claimant need not be an invalid to be found disabled").

---

[3] The seven factors set forth in the SSA's regulations include: (i) a claimants' daily activities; (ii) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (iii) precipitating or aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (v) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (vi) any measures the claimant uses or has used to relieve pain or other symptoms; and (vii) other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(3).

The ALJ further stressed that Buono has sought "only routine follow up treatment from a primary care physician" and that there was no indication that he "sought regular treatment from a cardiologist or similar specialist." AR 18. This statement is belied by record evidence. For example, in his disability report, Buono stated that Dr. Olkovsky, his cardiologist, has prescribed him Flurosemide, Coreg, Crestor and Diovan for his heart condition. Additionally, Buono's treatment records show that he received cardiac testing from Dr. Olkovsky in March and April 2011.

Altogether, the ALJ's failure to properly assess the credibility of Buono's symptoms provides a basis for remand. On remand, after the ALJ reconsiders the medical evidence, it may support Buono's subjective complaints.

### III.

For the foregoing reasons, the Commissioner's motion is denied and Buono's motion is granted to the extent that the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

  /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 15, 2015